NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0202n.06

Case No. 21-3880

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| EDGAR HIJINIO LOPEZ-MEJIA, | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| MERRICK B. GARLAND, Attorney General, | ) | APPEALS |
| Respondent. | ) | O P I N I O N |
| | ) | |

**FILED**
May 18, 2022
DEBORAH S. HUNT, Clerk

Before: SUTTON, Chief Judge; COLE and DONALD, Circuit Judges.

COLE, Circuit Judge. Petitioner Edgar Hijinio Lopez-Mejia petitions this court to review the Board of Immigration Appeals' denial of his application for cancellation of removal. Because Lopez-Mejia has not established that his children would face an exceptional hardship upon his removal, we deny his petition.

I.

Petitioner Lopez-Mejia is a citizen of Guatemala who initially entered the United States in 1998. He lived and worked in several states before ultimately settling in West Virginia, where he worked in construction. In 2005, Lopez-Mejia met a United States citizen, Tammy Lea Massey, whom he married in 2010; they separated in 2013 and divorced in 2015. While married to Massey, Lopez-Mejia fathered two children with another woman, Francisca Mateo Valdez, in 2011 and 2012. And after his divorce, he and Valdez had a third child in 2018.

Deportation proceedings against Lopez-Mejia began in 2010, and he first applied for cancellation of removal in 2011. Lopez-Mejia submitted an updated application in 2013. These first two applications listed Lopez-Mejia's then-spouse as his only qualifying relative. Lopez-Mejia later testified that he did not include his children on these applications because he "felt bad" and "wasn't brave enough[,]" explaining that he "did not want to involve [his] children in [his] problems[.]" (A.R. 233.) An immigration judge held a hearing on his application but continued the case rather than issuing a decision.

Lopez-Mejia appeared before the immigration judge for his continued hearing on October 2, 2018. Prior to the continued hearing, Lopez-Mejia submitted a second updated application for cancellation of removal on September 24, 2018. On this application, he listed his three children as qualifying relatives and contended that his removal would cause "exceptional and extremely unusual hardship" to them.

Lopez-Mejia elaborated on this point at the continued hearing, testifying that his removal would leave his children in the United States with Valdez, who is unable to support them with her earnings as a part-time dishwasher. Lopez-Mejia did not provide documentation to confirm the family's finances, but he believes he will not be able to find work in Guatemala, given that he has been away from his home country for over twenty years, and that he will therefore not be able to provide financial support to his children from abroad. Moreover, Valdez does not have family in the United States, and Lopez-Mejia does not believe that his Indiana-based siblings would help Valdez take care of the children.

In addition to financial hardship, Lopez-Mejia attested to two additional hardships his children face. First, he explained that his oldest son has "always [been] a little behind" in school, though he does not receive any additional educational help. (A.R. 216.) Second, Lopez-Mejia's

youngest son was born with a spinal cord defect, which required a month of non-surgical treatment after birth, but does not require any ongoing treatment.

The immigration judge found Lopez-Mejia's testimony to be uncredible for three reasons: (1) Lopez-Mejia testified to a subjective belief that the Guatemalan civil war was ongoing, despite acknowledging that it had ended; (2) he admitted to lying on sworn applications and "to hiding his children from his coworkers and family"; and (3) he was "evasive and nonresponsive" to questioning. (A.R. 56.) The immigration judge further noted that Lopez-Mejia did not provide any documents to corroborate his representations about the family's finances or his children's medical and educational needs.

The immigration judge also addressed the merits of Lopez-Mejia's claims and determined that: (1) he failed to establish that his children would suffer exceptional and extremely unusual hardship; and (2) he did not establish "good moral character" because he did not disclose his children on his initial two applications. (A.R. 57–58.) The immigration judge denied Lopez-Mejia's application for cancellation of removal and ordered him to be removed to Guatemala.

Resting solely on the inadequate evidence of hardship, the Board dismissed the appeal. Lopez-Mejia timely filed his petition for review before this court.

## II.

Where, as here, the Board both adopts and supplements the IJ's decision, the Board's decision constitutes the final agency determination for purposes of judicial review. *Marikasi v. Lynch*, 840 F.3d 281, 286–87 (6th Cir. 2016). We may also consider the IJ's opinion insofar as the Board adopts that opinion. *Id.*

Section 1252(a)(2)(D) of the Immigration and Nationality Act allows us to review the Board's hardship conclusion. *Singh v. Rosen*, 984 F.3d 1142, 1153–54 (6th Cir. 2021).

Although "[t]he nature of this mixed question likely signals deference" to the Board, the *Singh* court did not articulate the proper standard because doing so did not impact the court's ruling in that case. *Id.* at 1154 (discussing three possible standards of review, including clear error, substantial evidence, and compelling evidence). We similarly forgo determining the applicable standard of review for hardship conclusions because Lopez-Mejia has not shown his removal will cause exceptional and extremely unusual hardship to his children, no matter the standard applied. *See id.*; *see also Tolentino-Hernandez v. Garland*, No. 20-4021, 2021 WL 4782689, at *1 (6th Cir. Oct. 13, 2021).

The Act provides that "[t]he Attorney General may cancel removal of" an otherwise deportable person if they meet four eligibility criteria. 8 U.S.C. § 1229b(b)(1). These include demonstrating "good moral character" and "establish[ing] that removal would result in exceptional and extremely unusual hardship to" the applicant's qualifying relatives. *Id.* But even when all statutory criteria for cancellation are met, relief is granted as a matter of discretion. *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 58 (BIA 2001).

This case hinges on the fourth eligibility criterion: hardship to a qualifying relative. Relief for an "exceptional and extremely unusual hardship" is only available in "truly exceptional cases." *Id.* at 59. The hardship must be "substantially beyond the ordinary hardship that would be expected when a close family member leaves this country." *Id.* at 62 (internal quotation marks removed); *see also Montanez-Gonzalez v. Holder*, 780 F.3d 720, 722–23 (6th Cir. 2015). To assess the extent of hardship, the immigration judge must "consider the ages, health, and circumstances of qualifying . . . United States citizen relatives," "family ties in the United States and abroad," and the "political and economic conditions in the country of return." *Montanez-Gonzalez*, 780 F.3d at

723 (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63). These factors are considered in the aggregate. *Id.*

Even considering all the factors Lopez-Mejia presented cumulatively, we find that he has not met his burden of establishing that his children would suffer exceptional and extremely unusual hardship if he is removed to Guatemala. Lopez-Mejia has not provided evidence to demonstrate that his qualifying relatives would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an individual whose children remain in the United States. Although Lopez-Mejia's children will undoubtedly suffer some hardship upon his removal, we cannot find that the evidence presented in this case rises to the high level of hardship that Congress established under § 8 U.S.C. § 1229b(b)(1)(D). Accordingly, we must deny Lopez-Mejia's petition.

For the foregoing reasons, we deny Lopez-Mejia's petition for review.